**J. RUSSELL CUNNINGHAM, State Bar #130578**
**J. LUKE HENDRIX, State Bar #271424**
**GABRIEL P. HERRERA, State Bar #287093**
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| In re: BRETT A. LEBER and DIANE E. LEBER, Debtors. | Case No. 09-41631-C-7<br>Chapter 7<br><br>DCN: DNL-6<br><br>Date: June 4, 2013<br>Time: 9:30 a.m.<br>Location: Dept. C, Courtroom 35<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |
|---|---|

**MOTION TO APPROVE SALE OF REAL PROPERTY**

Chapter 7 Trustee J. MICHAEL HOPPER ("Trustee") hereby moves for an order approving the sale of the real property commonly known as 380 North Jefferson Street, Dixon, California ("Leber-Gelardi Property") to JEFFERSON RE INVESTMENT LLC ("Jefferson") for $1.14 million. In support thereof, it is represented that:

1. On October 5, 2009, BRETT A. LEBER and DIANE E. LEBER (hereinafter collectively "Debtors") commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. Trustee is the duly appointed Chapter 7 trustee.

2. The Debtors' Schedule B and Statement of Financial Affairs, Question 18, disclose a 50% interest in a partnership with SALVATORE C. GELARDI and LAVONA K.

GELARDI (hereinafter collectively "Gelardis") that owns 100% of the Leber-Gelardi Property, an 8 unit townhouse development. The Debtors' interest was valued and exempt at $1.

3. As set forth in the title report attached to the Trustee's supporting declaration, title to the Leber-Gelardi Property is held in the individual names of the Debtors and the Gelardis.

4. Post-petition, Diane E. Leber passed away. Salvatore C. Gelardi is also deceased.

5. On behalf of the partnership, Brett A. Leber and Lavona K. Gelardi have agreed to sell the Leber-Gelardi Property to Jefferson for $1.14 million. As set forth in the estimated closing statement attached to the Trustee's supporting declaration, after payment of costs of sale, liens and encumbrances, the net seller's proceeds are estimated to be about $160,000.

6. Based on the information and documentation provided, the Trustee is satisfied that the capital accounts of the partners are approximately the same and that a 50%-50% division of the net seller proceeds, i.e. about $80,000 to the Trustee and about $80,000 to Lavona K. Gelardi, would be appropriate.

7. Although there is no dispute amongst the owners as to the partnership's equitable interest in the Leber-Gelardi Property, the title insurer has requested an order of the bankruptcy court approving the sale.

8. 11 U.S.C. Section 363(h) authorizes the Trustee to sell co-owned property such as the Leber-Gelardi property.

9. In the Trustee's opinion, approving the sale and authorizing the disbursements set forth in the estimated closing statement, would be in the best interests of the bankruptcy estate.

WHEREFORE, the Trustee prays that the motion be granted and for such other and further relief as is necessary and proper.

Dated: May 14, 2013

**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: ______________________

**J. RUSSELL CUNNINGHAM**
Attorneys for J. Michael Hopper, Chapter 7 Trustee